IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELISSA CUNNINGHAM                                                                                   PLAINTIFF

     v.                                    Civil No. 2:23-cv-02053-MEF

MARTIN O'MALLEY, Commissioner
Social Security Administration                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF Nos. 21, 22). On March 5, 2024, Plaintiff filed said motion, requesting $4,207.40, representing: a total of 19.15 attorney hours for work performed in 2023 and 2024 at an hourly rate of $206.00, and 3.50 paralegal hours at an hourly rate of $75.00. (ECF No. 22-2). On March 15, 2024, the Commissioner filed a response objecting to the amount of time requested for the preparation of the Plaintiff's Complaint. (ECF No. 23).

### I.     Discussion

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for attorney time and hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable, with a reduction in hours as indicated below. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost

of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). However, the Plaintiff has requested compensation for a total of 2.75 hours on April 11, 2023, for preparation of the Complaint. (ECF No. 22-1). We agree that the time requested for the completion of this task is excessive. As posited by the Defendant, the Compliant is a standard two-page document filed in every social security case and should have taken counsel no more than .50 attorney hours to prepare. (ECF No. 23). *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Blum v. Stenson*, 465 U.S. 886, 897 (1984) (holding the party requesting EAJA fees has the burden of "showing that the claimed rate and number of hours are reasonable"). Accordingly, we will reduce the total number of attorney hours awarded by 2.25 attorney hours.

Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,743.90 ((16.90 X $206.00) + (3.50 X $75.00)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, if the Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$3,743.90** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 25th day of March 2024.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE